## WINCHESTER *v.* HEISKELL.

ERROR TO THE SUPREME COURT OF TENNESSEE.

Submitted January 25, 1887.—Decided January 31, 1887.

The court restates what was decided in *Winchester* v. *Heiskell*, 119 U. S. 450, and, on petition for rehearing, adheres to it.

THIS was a petition for a rehearing in the case decided in 119 U. S. 450–453.

*Mr. B. M. Estes* for the petitioner.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

This petition is denied, but inasmuch as the petitioners think that the points on which they relied for a reversal of the judgment were not clearly understood, we will restate what was decided:

1. We held that, as the suit of *Townsend* v. *Jones* was pending when Townsend filed his petition in bankruptcy, and when he made his assignment to Winchester, the assignee, Winches-

ter, as such assignee, had the right to appear in that suit and have the amount due Heiskell, Scott, & Heiskell determined. It may be that, according to the practice in Tennessee, if he had not appeared, Heiskell, Scott, & Heiskell would have been compelled to bring a new suit to have the amount of their lien ascertained; but as he did appear and did ask to have the matter adjudicated in that suit, he was bound by what was done. As the court had declared the lien, it was within its jurisdiction to ascertain, with the consent of all the parties, the amount that was due under the lien and make the necessary order for its enforcement as against those who were parties to that suit. About this we have no doubt.

2. We said: "The question here is, not whether that decree thus rendered binds these appellants, (plaintiffs in error,) but whether the state court had jurisdiction so as to bind those who were parties to the suit, and those whom the parties in law represented." The assignee having voluntarily made himself a party to the suit, and the court having at his request settled the amount of the lien, he was bound by what was done, and so were all whom he in law represented in the litigation. That certainly includes the general creditors of the bankrupt; but whether it does those claiming under the trust deed from Townsend, before his bankruptcy, to George W. Winchester, trustee, we did not then and do not now decide.