## Overcast v. Lawrence.

(Decided December 2, 1910.)

### Appeal from Calloway Circuit Court.

Married Women—Procuring Sale of Husband's Land—Estopped from Claiming Title in Herself.—Where it is shown by the evidence that a married women procured a sale of land to be made to another by her husband's trustee for her husband's benefit, who had been adjudged a bankrupt, she is estopped to contest the title so created, although she may in fact have had the title and was not a party to the bankrupt proceedings. A married woman may be bound by estoppel the same as a man.

COLEMAN & LINN for appellant.

STEWART & PHILLIPS for appellee.

OPINION OF THE COURT BY JUDGE O'REAR—Affirming.

Porter T. Overcast and his wife, Adelle Overcast, purchased by parol agreement a lot in the village of Hazel from one Dees, in 1903 for $125 to be paid in the future. Porter Overcast built a house on the lot, enhancing its value about $800. Being involved financially he in 1906 became a voluntary bankrupt. In the proceedings in the United States District Court for Western Kentucky, his

trustee in bankruptcy claimed that P. T. Overcast had omitted to schedule his interest in the lot among his assets, and set out by appropriate pleading the character of his interest, made Dees a party defendant, and sought to have the bankrupt's interest subjected to the payment of his debts. Dees answered, alleging that the parol sale of the lot was to Mrs. Overcast, and that nothing had been paid on the purchase price, but assented to the subjection of the property in that proceeding, subject to his lien for $125. A decree was entered directing the property to be sold by the trustee at public or private sale, with directions to report the sale to the referee for confirmation and adjudging Dees a preferred lien on the lot for $125. The trustee at the solicitation of the bankrupt, and by the aid and consent of his wife, Adelle Overcast, sold part of the lot on which the house was situated to appellee for $800, $600 in cash and the balance to be paid in a mare at $200, the $600 being more than sufficient to pay the debts proved against the bankrupt estate, and the costs. The sale was reported and confirmed, and deed ordered to be made to the purchaser, which was done. Now Adelle Overcast has sued the purchaser in ejectment claiming title to the lot. In the meantime she had paid the $125 consideration to Dees (but after the sale by trustee) and procured him to execute her a deed for the place. The circuit court dismissed her petition. The judgment was right. The original sale of the lot was void. Notwithstanding, as P. T. Overcast had improved it by the consent of the owner Dees, so as to enhance its value $800, Overcast had an equity admitted and not resisted by Dees, which the creditors of the bankrupt had the right to have subjected in payment of their debts. Dees being a party to the suit was bound by the decree. It divested him as well as P. T. Overcast of title, and the sale by virtue of the decree, invested the purchaser with the complete title of both Dees and P. T. Overcast. Hence, when Dees executed the deed to Mrs. Overcast subsequently he had not the title, and conveyed none by his grant. This without reference to whether Mrs. Overcast was an innocent purchaser, without notice, and without reference to the estoppel pleaded against her.

The circuit court probably found, at least we do from the evidence, that she procured the sale to be made to appellee by her husband's trustee for her husband's benefit. Consequently she is estopped now to contest the title so created, although she may in fact have had the

title, and was not a party to the bankrupt proceeding. A married woman may be bound by estoppel the same as a man. (Bull v. Sevier, 88 Ky. 515, 11 S. W. 506, 11 Ky. Law Rep. 32.)

Mrs. Overcast borrowed the $125 from her brothers which she paid Dees for the land, she says. As Dees conveyed her nothing she may have the right to recover her money from him. His claim was against the assets in the hands of the trustee. Mrs. Overcast and Dees must look to that fund. or she to Dees and he to the fund, for adjustment, unless otherwise settled. But neither now has a claim against the lot.

Judgment affirmed.