## Commonwealth v. Adkins.

(Decided April 14, 1916.)

### Appeal from Pike Circuit Court.

1. Bastards—Proceeding For Maintenance—Venue.—Under Chapter X, of Kentucky Statutes, the venue of a proceeding against the father of a bastard child, to require him to contribute to the maintenance of the child, is in the county wherein the child was born, if it was born in the State of Kentucky, and no one other than the county court clerk of such county has authority to issue a warrant for the accused, under the provisions of said chapter.

2. Courts—Jurisdiction—Objection to—Waiver of Right to Object. —A litigant does not waive his right to object to a want of jurisdiction of a court of the subject matter of the action by his failure to specially demur on said account, or to plead such objection when the pleading of his adversary does not disclose the want of jurisdiction, by entering his appearance to the action or procuring a continuance of the case.

3. Courts—Jurisdiction—Waiver.—Where a court has jurisdiction of the subject matter of the action, a litigant may, by consent, waive the court's want of jurisdiction of his person, but the want of jurisdiction of the subject of the action can not be waived by consent.

E. J. PICKLESIMER and J. C. CLINE for appellant.

ROSCOE VANOVER for appellee.

Opinion of the Court by Judge Hurt—Affirming.

This was a proceeding in the name of the Commonwealth of Kentucky, for the use and benefit of Orpha Branham, and her bastard child, under chapter 10, Kentucky Statutes, against Nelson Adkins to require him to contribute to the support of the illegitimate child of Orpha Branham, of which Adkins was accused of being the father. The warrant, which was issued by the clerk of the Pike county court, charged the appellant with being the father of the illegitimate female child of Orpha Branham, which was born on the 11th day of November, 1913, in Letcher county, Kentucky. Adkins, on the 26th day of September, 1914, being before the judge of the Pike county court, executed bond for his appearance before that court, as required by section 168, of Kentucky Statutes. The record does not show any order to have been made in the case at the October term of the county court, but at the December term, 1914, the appellee obtained a continuance of the case, and at the January term the appellee filed a special demurrer to the proceedings, upon the ground that the Pike county court did not have jurisdiction of the subject matter of the action. The county court sustained the demurrer and dismissed the proceedings. The appellant appealed from the judgment of the county court to the Pike circuit court. Upon a hearing in the circuit court, the demurrer was sustained and the cause dismissed, and from this judgment the Commonwealth, by the county attorney, has brought the case to this court upon appeal.

The grounds relied upon for reversal of the judgment of the circuit court and county court are that the court erred in adjudging that the Pike county court did not have jurisdiction of the subject matter of the action, and, furthermore, erred in adjudging that the appellee did not waive his right to object to the jurisdiction of the court by entering his appearance to the warrant and obtaining a continuance of the case at the December term of the county court before filing his special demurrer.

This character of action is a special proceeding and is in the nature of a civil action, and is governed by the provisions of chapter 10, of the Kentucky Statutes. Sections 167, 168, and 169, of the statute, *supra,* provide, that an unmarried woman may go before the clerk of the county court of the county wherein she has been de-

livered of a bastard child, or of the county of her residence if she was delivered thereof in another state and accuse any person of being the father of the child. If the child appears to be less than three years of age the clerk is directed to issue a warrant for the individual accused of being the father, requiring the person accused to be arrested and brought before the county judge of the county wherein he may be found, who shall require him to execute bond for his appearance to answer the charge in the county court of the county in which the warrant issued. If the person accused fails to give the bond required of him, the judge shall commit him to the jail of the county whence the warrant issued and to remain until he enters into the required bond or be discharged by due process of law. Section 172, Kentucky Statutes, provides, that the fact that the child was delivered in another state shall be no cause for dismissing the warrant if the mother be a bona fide resident of this Commonwealth at the time the child was begotten or born. From these requirements of the statute it appears that where a bastard child is born in this state, the county of the residence of the mother of the child does not control the venue of the action, which may be instituted against the father to require him to contribute to the support of the child or the assistance of the mother in maintaining it. It is only when a bastard child is born in another state of a mother who has a residence in the State of Kentucky, when the child is begotten or when it is born, who may institute a proceeding against the father in the courts of the county of her residence. The provisions of the statute, *supra,* confer jurisdiction upon the court of the county wherein the child is born, only, and not upon the court of the county of the residence of the mother, for the purpose of determining who may be the father of the illegitimate child and to require him to contribute to its maintenance. In the proceedings, at bar, the warrant expressly charges that the child was born in Letcher county, and hence there is no provision of the statutes which authorizes the mother to institute a prosecution against the father in any other county than the one in which she was delivered of the child. Hence, the county court and the circuit court did not have jurisdiction to hear and determine the action, and the clerk of the Pike county court was without authority to issue a warrant for the accused.

The contention that the appellee, by entering his appearance to this action and asking for a continuance of the case until another term, waived his right to object to the jurisdiction of the Pike county court, is not well made. Section 92, of the Civil Code provides, that a special demurrer may be made as an objection to a pleading which shows (1) that the court has no jurisdiction of the defendant or of the subject of the action; or (2) that the plaintiff has not legal capacity to sue; or (3) that another action is pending in this State, between the same parties, for the same cause; or (4) that there is a defect of parties, plaintiff or defendant.

Subsection 4, of section 92, *supra,* provides, that if either of the above mentioned grounds are shown to exist by a pleading it is waived, unless distinctly specified by a demurrer thereto, except the objection to the jurisdiction of the court of the subject of the action, which objection is not waived by failing so to make it. Likewise, section 118, of the Civil Code, provides, that a party may, by an answer or other pleading, make any of the objections which are mentioned in section 92, which are not shown by the pleading of his adversary, and a failure so to do is a waiver of any of said objections, except that to the jurisdiction of the court of the subject of the action. Hence, it appears that a defence to the merits of an action is a waiver of the right to object because of the court's want of jurisdiction over the person of the defendant, and wherever the court has jurisdiction of the subject matter, the objection for want of jurisdiction over the person of the party may be waived by consent, but where the court has no jurisdiction of the subject matter, the consent of the parties can not give jurisdiction to it. Fidler v. Hall, 2 Met. 461; Barton v. Barton, 80 Ky. 212; Hughes v. Hardesty, 13 Bush 364; Baker v. L. & N. R. R. Co., 4 Bush 619.

In the case at bar the jurisdiction which the Pike county court did not have was that over the subject matter of the action, and hence, the failure of the appellee to demur to the warrant until after having entered his appearance and sought a continuance of the case was not a waiver of his right to object to the jurisdiction of the court of the subject matter of the action.

The judgment is therefore affirmed.