## Modern Woodmen of America v. Sheilds.

(Decided March 4, 1924.)

Appeal from Butler Circuit Court.

1. Appearance—Filing General Demurrer Entered Appearance and Waived Right to Quash Process.—The filing of general demurrer by defendant to the petition entered its appearance to the action

and waived its right to quash summons and return of process by motion filed after the demurrer.

2. Appearance—Motion to Quash Return on Summons Not Necessarily Appearance.—A motion to quash the return on the summons does not necessarily have the effect of an appearance and waiver of right to subsequently object to jurisdiction over person.

3. Insurance—False Representations which Prevent Recovery by Beneficiary.—Representations in application for life insurance which will defeat a recovery upon the policy or certificate must be false and material, but recovery may not be had because the false representation was innocently made without knowledge of its falsity.

4. Appeal and Error—Whether Representations False and Material for Jury if Evidence Conflicting.—The question whether representations in application for life insurance were false and material is one of fact submittable to a jury, if the evidence be conflicting, in which case the verdict determines the controversy, unless flagrantly against the weight of the evidence.

5. Trial—Instruction Requiring Finding that False Representations were Fraudulent Erroneous.—In an action on benefit certificate defended on the ground of false statements in applications for insurance and reinstatement, instructions which required the jury to believe the representations were "fraudulently" and "falsely" made were erroneous as putting too great a burden on the insurer.

6. Insurance—Instruction which Court should Give as to False Representations in Application for Insurance.—In action on benefit certificate, where defense was false representations in applications for membership and reinstatement, court should have instructed the jury to find for the beneficiary, unless it believed that answers made by the insured were all or any one or more of them substantially untrue, and that the society acting reasonably in accordance with practice would not have accepted the application and issued the certificate if the substantial truths had been stated, in which case the jury should find verdict for defendant, even though false answers were not made with knowledge of their falsity or with intention to mislead or deceive.

J. E. WARREN, TRUMAN PLANTZ and G. V. WILLIS for appellant.

MARTIN & CHERRY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Reversing.

The appellant, Modern Woodmen of America, is a fraternal beneficial society issuing certificates of life insurance. In September, 1919, Kern T. Shields made application to the society for membership and a $2,000.00

benefit certificate.  On March 1, 1920, his application was accepted and certificate of insurance for $2,000.00 issued and delivered to him, he having been accepted and adopted as a member of the society.  From that time on until August 1, 1920, Shields paid his dues and assessments as required by the by-laws.  He made no payment in the month of August and therefore became in default and was suspended.  By the terms of the contract he had sixty (60) days in which to reinstate himself, the provision reading:

> "It is agreed that if the member holding said benefit certificate shall be in suspension less than sixty days for non-payment of assessments, dues or fines and shall desire to reinstate by tendering and paying delinquent assessments, dues or fines, said member by such tender warrants that he is in good health at the time of making such tender, and that if in fact said member is not in good health at such time, the receiving of such assessments, dues or fines, shall not have the effect of reinstating such member, and said benefit certificate shall remain null and void; nor shall the receipt or retention of any assessments, dues or fines, from such member after any such suspension, have the effect of reinstating him or constitute a waiver of any of the by-laws of the society."

Section 5 of the conditions on which the certificate was issued, reads:

> "If payments due from the said member are not paid to the clerk of the camp of which he is, or hereafter may be, a member, within the time prescribed in the by-laws of this society, as the same now exist, or hereafter may be modified, amended, added to or enacted, then said benefit certificate shall be null and void, and shall so continue of no effect until payment shall be made, in accordance and compliance with the provisions of the by-laws of this society in force at the time such payment is made."

In order to reinstate a delinquent member he is required to sign an application warranting that he is at the time in good health.  After filing his application young Shields, then about twenty-one years of age, continued to make payments until some time in 1921, when he died of tuberculosis.  His father, appellee, George R. Shields,

was the beneficiary named in the policy. After present-
ing proof of death and demanding payment of the $2,-
000.00 due, as contended by him, by the terms of the bene-
fit certificate, and after the society declined to pay the
insurance, the beneficiary brought this action on the cer-
ficate to recover the principal sum and interest. The pro-
cess issued upon the petition was not served upon the
commissioner of insurance as provided by section 681c-17
of the statutes but was served upon the principal officer of
the Modern Woodmen of America at the county seat of
Butler county, the residence of Shields. The appellant
society gave notice that it would move to quash the sum-
mons and the return thereon on a day certain fixed in the
notice. When the day arrived the society filed, first, a
general demurrer to the petition and then a motion to
quash the summons and the return. Its general demurrer
to the petition was overruled by the court, as was also its
motion to quash the process and the return. Of these
rulings the appellant now complains as reversible error.

Without going into this subject at length it will be
sufficient, we think, to say that the filing of the general
demurrer by the defendant, now appellant, to the petition
entered the appearance of the society to the action and
rendered the motion to quash wholly unimportant. What-
ever rights it may have had to a quashal of the summons
and the return thereon before the filing of the demurrer
were waived. It is a general rule that a defendant enters
his appearance and waives his right to thereafter object
to the jurisdiction of a court over his person by filing a
general demurrer to the petition. McDowell v. C., O. & S.
W. R. Co., 90 Ky. 346; Chapin v. Fulkerson, 95 Ky. 277.
But a motion to quash the return on the summons does
not necessarily have this effect. C. & O. R. R. Co. v.
Heath, 87 Ky. 651.

After the motion to quash and the general demurrer
had been overruled by the court the appellant filed answer
and moved for a continuance of the case. The motion was
overruled and the case set for the sixth day of the term,
on which day it was tried before a jury. A verdict for the
full amount of the policy being returned in favor of the
beneficiary, upon which verdict a judgment was entered,
the society prosecutes this appeal. Its three grounds of
complaint are set forth in its brief as follows:

(1) The court erred in overruling appellant's mo-
tion to quash the summons and officers' return thereon.

(2)   The court erred in overruling appellant's motion for a continuance of the case.

(3)   The court erred in refusing instructions to the jury requested by appellant and in giving instructions to the jury.

1.   We have already considered the first ground and found it without merit, and we shall add nothing further.

2.   As the second ground of complaint relates merely to the motion for continuance of the case at the term at which it was tried, it will be unnecessary to consider it as the judgment must be reversed for other reasons, and this ground is not likely to occur again.

3.   The instructions given by the court to the jury were erroneous in several particulars. Appellant offered instructions which in part embodied the law of the case but were in other respects at variance with the settled rule of this jurisdiction. The defense to the suit on the benefit certificate was based on alleged false representations made by the deceased in his written application for membership and certificate. In his application for membership in the society and for benefit certificate the insured made certain representations concerning his health and that of his family which were assailed in the answer of the society as false and untrue. It is alleged in the answer that the insured died of tuberculosis and that his mother died of the same disease some years before and that his brother, a young man, had died in 1917 or 1918 of the same disease, and that several other members of his family had met a like fate; whereas, the insured had made answer to questions concerning his health and that of his family indicating that he was in good health at the time of his application as well as at the time of his reinstatement in October, 1920, and that his mother died of fever and his brother with the flu, all of which representations were alleged in the answer to be false and known to be false by the insured at the time he made them. The averment of the answer presented a good defense. If, as alleged, the insured was suffering from tuberculosis at the time he made application for membership in the society or at the time he was reinstated therein in October, 1920, then the society is not liable on the benefit certificate because the terms of the contract and the law of the land specifically exempt it.

In construing contracts similar to the one under consideration with respect to false representations concerning the health of the insured made in the application for insurance, we have held frequently that the representations which will defeat a recovery upon the policy or certificate must be false and material. If false but not material a recovery may be had. We have never held, however, that the representations must be fraudulent, that is, wilfully and knowingly made—wickedly false. If innocently false on the part of the insured, no recovery can be had upon the policy if the statement involved was material. We have further held that the question of whether the representations were false and material were of fact submittable to a jury, if the evidence be conflicting. In such case the verdict determines the controversy unless it be flagrantly against the weight of the evidence. In submitting such a question to the jury the instructions should not contain the words "fraudulent" or "fraudulently" with respect to the representations, the question being whether the representations made were false, and if false whether material. Fraud does not enter into the question. Instructions which require the jury to believe the representations were fraudulently made puts too great a burden on the insured.

The court in instructing the jury in the case at bar told it in substance to find for the plaintiff the amount of the policy with interest from October 15, 1921, unless it believed from the evidence that at the time Shields signed the application for said certificate he was afflicted with tuberculosis and *fraudulently* concealed from the society the fact that he was so afflicted and falsely stated he did not have said disease for the purpose of inducing the society to issue and deliver said certificate; and further believe that had the society known that Shields was so afflicted it would not have issued said certificate, or unless it further believed from the evidence that at the time the said Shields was reinstated in the society he was afflicted with the disease of tuberculosis and *fraudulently* and falsely represented to the defendant at the time of his reinstatement that he did not have and was not afflicted with tuberculosis; and shall further believe that if the society had known that he did have said disease it would not have reinstated him, in either of which cases it should find for the society.

The words "fraudulently concealed" and "fraudulently" and "falsely" represented should not have been employed in the instructions.

The court should have instructed the jury to find for the beneficiary named in the policy the principal sum with interest, unless it believed from the evidence that the answers made by the insured to the questions propounded in the application for insurance and for renstatement, which questions and answers should be set out, were all or any one or more of them substantially untrue, and that the society, acting reasonably and naturally in accordance with the practice usual in life insurance companies under similar circumstances, would not have accepted said application and issued the certificate sued on in this case if the substantial truths had been stated in said answer, in which event the jury will find a verdict for the defendant, even though it may believe that said untrue answers, or any of them, if any such there were, were not made with the knowledge of their falsity or with the intention to mislead or deceive the defendant society. New York Life Ins. Co. v. Long, 199 Ky. 133; Security Life Ins. Company of America v. Black's Admr., 190 Ky. 23; Standard Auto Insurance Association v. Henson, 201 Ky. 230.

For the error in the instructions to which we have called attention the judgment must be and is reversed and the cause remanded for new trial.

Judgment reversed.