## White v. Turner.

(Decided January 16, 1925.)

### Appeal from Boyd Circuit Court.

1. Partnership—Evidence Held to Sustain Finding that Settlement Between Former Partners did Not Cover Notes Left in Plaintiff's Possession.—Evidence held to sustain finding that settlement between former partners did not cover defendant's note to plaintiff executed on formation of partnership, and note of partnership paid by plaintiff, which were left in plaintiff's possession at time of settlement.

2. Appeal and Error—Presumption is in Favor of Decision of Trial Court.—Every presumption is in favor of correctness of decision of trial court.

3. Appeal and Error—Error Must Affirmatively Appear from Record. —To warrant reversal, error must affirmatively appear from record.

A. F. BYRD and S. S. WILLIS for appellant.

JAMES B. ADAMSON and DYSARD & ADAMSON for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming.

This action in equity was instituted in the Boyd circuit court by appellee, J. H. Turner, against appellant,

John G. White, in which Turner sought to recover judgment against White upon a note executed by White to him for $4,500.00 with interest, and also to recover judgment for $2,500.00 with interest, subject to a credit of $2,180.52. White contested the right of appellee to recover on these items and claimed in his answer that these matters had been settled by his payment to Turner of $22,000.00 under an agreement which White claims he had with appellee in the sale and transfer of certain interests of the appellee in oil lands and property in Magoffin county. The court below rendered judgment for the amounts claimed by appellee in his petition and adjudged a sale of certain oil property in order to secure the payment of this indebtedness. It is from this judgment that this appeal is prosecuted.

Some time in the fall of 1919 appellant was seeking to interest persons with means in the purchase and development of oil and gas properties in Magoffin and Johnson counties, Ky. He was directed to go and see appellee by a party in Lexington, Ky., which he did. He and appellee then went to Magoffin county to look at a property known as the Love lease. Their negotiations resulted in the lease being purchased for the sum of $13,-300.00 by appellee and four other persons, who put up the purchase money, appellant being carried for an undivided two-twelfths interest therein for his services in bringing the property to the attention of the other purchasers. Appellee owned originally an undivided 4/12 interest in this lease, but later acquired an additional 11/72 interest therein, which was owned by two of the other parties to the original transaction. The lease was owned jointly by the parties, and the title thereto was held in the name of appellee as trustee.

Later, appellant and appellee agreed to purchase and hold as partners five oil and gas leases in Johnson county, Ky., for the sum of $1,500.00. Appellee advanced all of the money for the purchase of these five leases, the agreement providing that he should be repaid out of the first proceeds received from the sale of any of them, and thereafter the leases should be owned in equal parts by the appellant and himself.

On March 27, 1920, appellant and appellee concluded to enter into a general partnership for the acquisition, development and sale of oil and gas properties in that section of the state, and entered into a written contract

of partnership on that date. The five leases above referred to were turned over to this general partnership. Appellant was without funds at the time of the formation of the partnership, and appellee loaned him the sum of $4,500.00 with which to put up his half of the $9,000.00 which was invested in the partnership at the time of its formation. Appellant executed to appellee his note for the $4,500.00 so loaned him, the payment of which was secured by a lien upon appellant's one-half interest in all of the assets of the partnership. This is the $4,500.00 note sued on.

The partnership needed more money later, to carry on the business, and borrowed upon the credit of appellee, from the Citizens' Bank of Jessamine county, Ky., the sum of $9,000.00, executing to it their joint promissory notes therefor, one for $5,000.00 on June 1, 1920, and one for $4,000.00 on July 29, 1920.

Appellee became dissatisfied, and wanted to get out of the business; then appellant organized the Boyd Oil & Gas Company, a corporation, and he and appellee transferred to it, in exchange for stock and other considerations, all of their interest in leases and wells owned by the partnership. The partnership was closed up at this time; appellant agreeing to take all of the movable property (none of which had been transferred to the Boyd Oil & Gas Company) and pay the debts due thereon.

Appellee's dissatisfaction continued, as this letter shows:

"Nicholasville, Ky., Sept. 29, 1920.

"John G. White, Second National Bank Bldg., Ashland, Ky.

"My Dear Mr. White:

"Yours of the 27th received and in reply will say that if you want my interest in Johnson and Magoffin counties and interest in drilling appliances, &c., you may have it for just what I have spent on it. I do not know exactly what it is; you can figure it approximately. If you want it come down; wire me when you will be here. Am ready to close up and turn over to you any time.

"Yours truly,

"J. H. TURNER."

Appellant claims to have accepted this proposition and at once busied himself to find some one to buy out the appellee. Soon he arranged to purchase appellee's interest in the Boyd Oil & Gas Company, and on October 2, 1920, a contract was made by which Turner sold it to appellant, W. F. Ellis and George C. Borchardt for $22,000.00. White contends that Turner was to accept this in full settlement of everything, and Turner denies that. There is no written evidence of just what the agreement was.

Subsequent to this transfer the appellee was compelled to pay the whole of the aforesaid notes of the partnership for $5,000.00 and $4,000.00, with interest, to the the Citizens' Bank, and the same were assigned to him without recourse by the bank. Appellee kept insisting that appellant pay half of these notes and also pay the $4,500.00 note executed by him to appellee at the time of the formation of the partnership. Appellant admitted owing these sums and repeatedly promised appellee to pay them to him. On December 24, 1921, apellant wrote appelle, and in that letter he said:

"Since you left I received the following notes from C. B. Stiver, of Des Moines, Iowa:

Note dated Nov. 28/21, due Feb. 1/22, 6% $1,000.00
Note dated Nov. 28/21, due Mar. 1/22, 6% 1,000.00
Note dated Nov. 28/21, due Apr. 1/22, 6% 1,000.00
Note dated Nov. 28/21, due June 1/22, 6% 1,250.00

$4,250.00

" . . . If you want the notes count the interest on the $4,000.00, and if there is any difference I will send you ck. to take up the note, and will arrange to take up the other one soon after our meeting as well as settle up all other matters with you. . . . "

Later, on January 7, 1922, appellee met appellant and appellant then gave him these Stiver notes, with accrued interest thereon, and his own check for $252.31, a total payment of $4,544.81. Of this sum $173.91 went to pay an overdraft of the partnership at the bank, leaving a balance of $4,370.90. Appellant's one-half of the $4,000.00 note and interest which appellee had paid to the bank amounted to $2,185.45, and this amount was applied out of the aforesaid sum of $4,370.90 to the dis-

charge of his one-half of that note, leaving a balance of $2,185.45, which was credited on the amount due by appellant for his one-half of the $5,000.00 note and interest which appellee had also paid to the bank. This left appellant owing appellee one-half of the $5,000.00 note of the partnership, less the aforesaid credit, and the whole of the first note of $4,500.00 executed by him to appellee at the time of the formation of the partnership. The appellant failing to make further payment on this indebtedness, appellee brought this suit against him on January 20, 1922. After the bringing of this suit, appellant then made the claim, that at the time the appellee transferred his interest in the Boyd Oil & Gas Company, that transaction was a complete settlement of the indebtedness of appellant on all of these notes, and that he had made the aforesaid payment to appellee on January 7, 1922, of $4,544.81 by mistake, to recover which he asserted a counterclaim against him in this suit.

The record does not show just what was settled between these parties at the time of the sale to White, Ellis and Borchardt of appellee's interest in the Boyd Oil & Gas Company. The notes sued on were left in appellee's hands. If that was to be a settlement of all matters between them, appellant should have obtained those notes or had them destroyed. He was very careless in not doing so. The chancellor found against him.

"Every presumption is in favor of the correctness of the decision of the trial court, and in order to warrant a reversal error must affirmatively appear from the record." Oakes v. Oakes, 204 Ky. 298, 264 S. W. 753.

The judgment is affirmed.