# Hope Syndicate v. Southland Petroleum Company.

## Same v. A. B. Miller.

(Decided February 24, 1925.)

### Appeals from Allen Circuit Court.

1. Appeal and Error—Appellant May Not Complain of Judgment Against Nonappealing Defendants.—Syndicate alone appealing from judgment against it and individuals composing it may not complain that personal judgment was rendered against such individuals who have not appealed.

2. Mines and Minerals—Counterclaim in Action on Notes for Leases Held Not Sustained by Evidence.—In action on notes given in payment for oil leases, counterclaim based on fact that particular dry hole had not been properly cased and plugged held properly overruled, where contract contained no warranty or covenant relative thereto, and there was no evidence of any fraudulent representations by plaintiff.

3. Mines and Minerals—Recovery for Breach of Covenants Held Warranted, though there had Been no Actual Eviction.—In action on notes given for oil leases under contract by which sellers covenanted that they and their lessors had good title, held under Ky. Stats., section 493, counterclaim based on defective title to part of land covered by such leases would lie, though there had been no actual eviction.

4. Covenants—For Purchaser to Recover for Breach of General Warranty of Title, he Must Allege and Prove Eviction.—For purchaser to recover for breach of general warranty of title, he must allege and prove eviction.

DENHARDT & HUNTSMAN for appellant.

RODES & HARLIN, HARPER & DENTON and S. S. WILLIS for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

These two appeals on the same record will be decided in one opinion.

On November 16, 1920, the Southland Petroleum Company, a corporation, conveyed to the Hope Syndicate, an unincorporated association, four oil leases covering about four hundred acres of land in Allen county, in consideration of $45,000.00; $15,000.00 was paid in cash; six notes were executed for the remaining $30,000.00. Three of these notes were paid; three notes, each for $5,000.00, were not paid when due and this suit was

begun September 29, 1921, to recover thereon by the Southland Petroleum Company. The defendants to the action were the Hope Syndicate, which was alleged to be unincorporated, and six persons who were alleged to be members of the syndicate or partners in the firm. The individual defendants are not shown to have been brought before the court, but on January 17, 1922, the Hope Syndicate, by attorney, filed its answer, counterclaim and set-off, pleading in substance that the plaintiff had not good title to the Miller lease conveyed by the deed and that Miller was without title to the land and had not power to make the lease. It was also pleaded that the plaintiff fraudulently represented to it that all the producing wells, eighteen in number, were properly cased and that one dry hole, designated as No. 20, had been properly plugged as required by law, but that after taking charge of the property it discovered that instead of producing twenty-five or fifty barrels of oil a day with little water, as represented by plaintiff, about one barrel of oil came to two hundred barrels of water and that this was by reason of the fact that the dry well No. 20 had never been cased or plugged and that the defendant had expended about $12,000.00 in an effort to get the water out and keep it out. The allegations of the answer were controverted by reply and this made up the issues.

On July 18, 1922, Miller filed a suit against the Hope Syndicate, in which he set up the terms of the lease which he had executed and alleged that the Hope Syndicate, in November or December, 1921, ceased operations and abandoned the lease and had not since that time operated thereon and that the wells had been neglected and been permitted to remain unpumped, thereby becoming flooded with water and greatly damaged. The allegations of Miller's petition were denied by an answer filed by the Hope Syndicate and the two cases were consolidated and heard together. On final hearing the court first adjudged to Miller the relief sought and then entered judgment in favor of the plaintiff against the Hope Syndicate and the six individuals named in the plaintiff's petition, for $10,000.00, with interest and cost. From this judgment the Hope Syndicate appeals.

It is insisted that the judgment against the six individuals sued is unwarranted, for the reason that they were not before the court. While it appears that they excepted to the judgment and prayed an appeal to this court, which was granted, they were not named as appel-

lants in the statement of appeal and are not, therefore, before this court on the appeal. The only appellant before this court is the Hope Syndicate, and it cannot complain that a personal judgment was rendered against the individual defendants. It is unnecessary for the court, therefore, to determine whether they entered their appearance in the circuit court.

The evidence does not show any fraudulent representation by the Southland Petroleum Company; it does not show that it knew or had any reason to know about the condition of well No. 20. The contract contains no warranty or covenant on this subject. The counterclaim based upon the defect in this well was therefore properly not sustained by the circuit court.

The contract contains the following covenants:

"The party of the first part covenants that these four leases have been properly recorded in Allen county, Kentucky, and that none of the four have been defaulted in any way and it has a good right to sell and assign same and all the property mentioned therein.

"The first party covenants that said property is free and clear from incumbrances and that they have the right to convey the same and will warrant and defend the title against all lawful claims and damages whatsoever and that the rentals on said leases are paid up to November 16, 1920, and according to terms of said leases as set out therein respectively and that the lessors in said leases had title to the land conveyed by said leases at the time that they were conveyed."

It is clearly shown by the record that Miller did not own one-sixth of the land conveyed by the lease. It is also shown that he had no title to two and one-half acres of this land, which was owned by Mrs. Wilson. It is urged that there having been no eviction this defect of title cannot be relied on as a defense to the notes. The Southland Petroleum Company prosecutes a cross-appeal from the judgment which allowed the Hope Syndicate a credit of $5,000.00 for this defect in the lease. It is well settled that to enable a vendee to recover for the breach of a general warranty of title he must allege and prove that he has been evicted. Jones v. Jones, 87 Ky. 82. But a general warranty of title is defined by section 493,

Kentucky Statutes, as a covenant that the grantor would forever warrant and defend the property unto the grantee against the claims and demands of all persons and this covenant is not broken until there has been a failure to live up to it or until an eviction. But this rule does not apply to other covenants in a deed which have been broken. To illustrate, an action before an eviction may be maintained on the covenant that the grantor is seized of good title, if the title is defective. Mercantile Trust Co. v. South Park Co., 94 Ky. 271.

In this case the grantor covenants that it has a good right to sell and convey all of the property mentioned and it further covenants that the lessors in the leases had title to the land conveyed by said leases at the time that they were conveyed. These express covenants were clearly broken, for the lessors did not have title to the land conveyed by the grantor had not a good right to sell and convey the same. These covenants are inserted in the contract in addition to the general warranty and not to give them effect would be to disregard these pro-- visions of the contract and treat them as meaning nothing. This cannot be done. The parties must be presumed to have meant by these covenants something more than is expressed by general warranty.

The proof shows that all the producing wells were on the land to which the title was bad. The testimony for appellants is to the effect that this tract was one-third of the entire purchase in value and was so rated at the time. One-third of $45,000.00 is $15,000.00; one-sixth of $15,000.00 is $2,500.00. In addition to this, one well was on the 2½ acres to which Miller had no title. This well cost about $2,00.00, and was presumably worth more than it cost. The circuit court, therefore, under all the evidence, cannot be said to have erred in fixing the loss at $5,000.00. He is on the ground; he knows local conditions, and this court does not disturb his finding on questions of fact where the mind is in doubt.

The court on April 28, 1923, first entered a judgment in favor of Miller for the cancellation of his lease, but afterwards on the same day he entered a judgment in the consolidated actions in favor of the Southland Petroleum Company against Hope Syndicate for $10,000.00, and adjudged it a lien upon the leases in question and directed the property covered by the lien to be sold for the satisfaction of the judgment and in this judgment are

these words: "It appearing to the court that judgment has already been entered in these actions declaring the lease from A. B. Miller to the Hope Syndicate forfeited, it is the judgment of the court that said judgment is hereby overruled." Necessarily the word "overruled" is used in this sentence in the sense of set aside, for both orders are made on the same day while the court had control of the actions, and the last judgment orders the leasehold sold for the satisfaction of the judgment, which is entirely inconsistent with the cancellation of the lease.

We, therefore, conclude that there has been no final judgment on the Miller branch of the case and the appeal of the Hope Syndicate against Miller is dismissed. On the appeal of the Hope Syndicate against the Southland Petroleum Company and on the cross-appeal of the Southland Petroleum Company the judgment is affirmed.