## Rice v. Kelly.

(Decided November 20, 1928.)

### Appeal from Clay Circuit Court.

1. Courts.—Under Civil Code of Practice, sec. 92, subsec. 4, defendant, by first filing general demurrer to petition, did not thereby waive question of court's jurisdiction.

2. Bankruptcy.—Consent of federal court is not necessary to authorize suit by or against a trustee in bankruptcy in either state or federal court.

3. Bankruptcy.—A trustee in bankruptcy is suable in state court for determination of title to real estate or personal property, to which adverse claims are asserted.

4. Courts.—The circuit court has jurisdiction over all cases in law and equity, of which exclusive jurisdiction has not been vested in some other court.

5. Courts.—Circuit court had jurisdiction over suit by attorney, under Ky. Stats., secs. 1907, 1907a, for legal services to defendants, and to set aside deed to bankrupt, in which suit bankruptcy trustee

was a party defendant, without first obtaining consent of the federal bankruptcy court to the suit.

6. Bankruptcy.—Under Bankruptcy Act, sec. 70 (11 USCA sec. 110), bankruptcy trustee takes title by operation of law to all bankrupt's property not exempt, but he takes no title to property thereafter acquired by bankrupt.

7. Evidence.—Recitals in deed bind parties and privies thereto, whether in blood, estate, or law, but do not bind strangers claiming by adverse title, or those who claim title anterior or paramount to the deed.

8. Bankruptcy.—Purchase money due vendor for realty sold to bankrupt corporation held subject to claim of vendor's creditor before any equity of bankrupt could arise.

9. Appeal and Error.—In absence of showing that property was worth more than amount of vendor's lien, it cannot be presumed that any rights of vendee's bankruptcy trustee were affected by judgment against vendor for specified sum, and setting aside deed to bankrupt rendered in suit by vendor's creditor, under Ky. Stats., secs. 1907, 1907a.

10. Appeal and Error.—Vendee's bankruptcy trustee held not entitled to complain of judgment against vendor setting deed aside, in suit by vendor's creditor under Ky. Stats., secs. 1907, 1907a.

11. Attorney and Client.—An attorney has general or retaining lien on all documents, money, or other property of his clients coming into his hands professionally, until any balance due him for professional services has been paid; but this right cannot be exercised, unless possession is retained by attorney.

12. Attorney and Client.—Attorney's lien, under Ky. Stats., sec. 107, is limited to claims placed in attorney's hand for suit or collection, or on which suit has been instituted.

13. Fraudulent Conveyances.—To create a lien, under Ky. Stats., secs. 1907, 1907a, for protection of creditors against fraudulent conveyances, a suit in equity to set aside the deed is sufficient, without the ancillary aid of an order of attachment or a return of "nulla bona."

14. Appeal and Error.—In suit, under Ky. Stats., secs 1907, 1907a, relating to fraudulent conveyances, by attorney to recover for legal services and to set aside clients' deed, denial of motion of vendee's bankruptcy trustee for jury trial of issue as to amount of plaintiff's claim held not error available to trustee, where amount claimed by plaintiff and allowed by court was less than vendor's lien for purchase money, to which in any event trustee's equity was subordinate.

15. Appeal and Error.—Burden is on appellant to show that his substantial rights have been affected by judgment appealed from.

THOS. D. TINSLEY, W. W. RAWLINGS and A. R. BURNAM for appellant.

MURRAY L. BROWN for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Martin T. Kelly brought this action in equity against Lee Congleton, Claude Congleton, Earnest Congleton, Elk Stave & Lumber Company, a corporation, and William Rice, trustee in bankruptcy of the corporation. He sought to recover a judgment against the Congletons for legal services rendered them, and to set aside a deed from Lee Congleton and wife to the Elk Stave & Lumber Company. The circuit court rendered a judgment in favor of Kelly against the Congletons for $10,000, set aside the deed made by Lee Congleton and wife to the Elk Stave & Lumber Company, and adjudged Kelly a lien on the land to secure his judgment. The trustee in bankruptcy alone appeals.

The sole question presented is whether the trustee in bankruptcy was prejudiced by the judgment. He insists that he was prejudiced, first, because the state court had no jurisdiction of the action, since the suit was filed against the trustee in bankruptcy, without the consent of the court that appointed him, and as the subject-matter of the action was possible assets of the bankrupt, only the federal court, where the bankruptcy case was pending, could determine controversies respecting it; second, that the record disclosed an interest in the property belonging to the trustee, which was not properly protected by the judgment; and, third, that Kelly manifested no right to be adjudged a lien on the property. There are some incidental contentions, which will be noticed as we proceed.

The appellant first filed a general demurrer to the petition, and it is insisted that he thereby waived the question of jurisdiction. Winchester v. Heiskell, 119 U. S. 453, 7 S. Ct. 281, 30 L. Ed. 464; Ebner v. Official Bd. of M. E. Church, 214 Ky. 70, 282 S. W. 785; Modern Woodmen v. Sheilds, 202 Ky. 795, 261 S. W. 594. An objection to the jurisdiction of the court of the subject of the action is not waived by failing to make it first. Civil Code, sec. 92, subsec. 4; Louisville Home Tel. Co. v. Beeler, 125 Ky. 366, 101 S. W. 397, 31 Ky. Law Rep. 19; Commonwealth v. Adkins, 169 Ky. 487, 184 S. W. 372. So the question must be decided as it was raised and ruled upon in the lower court.

It is clear that consent of the federal court is not necessary to authorize a suit by or against a trustee in bankruptcy, in either a state or federal court. Eyster v.

Gaff, 91 U. S. 521, 23 L. Ed. 403; Duncan v. Fox (D. C.) 300 F. 165; In re Kanter & Cohen (C. C. A.) 121 F. 984; In re Smith (D. C.) 121 F. 1014. A trustee in bankruptcy is suable in a state court for a determination of the title to real or personal property to which adverse claims are asserted. Hebert v. Crawford, 228 U. S. 204, 33 S. Ct. 484, 57 L. Ed. 800; Bardes v. First Nat. Bank of Hawarden, 178 U. S. 524, 20 S. Ct. 1000, 44 L. Ed. 1175; Frank v. Vollkommer, 205 U. S. 521, 27 S. Ct. 596, 51 L. Ed. 911; Skilton v. Codington, 185 N. Y. 80, 77 N. E. 790, 113 Am. St. Rep. 885. The latter case was expressly approved, and the reasoning of the opinion commended by the Supreme Court in its opinion in Frank v. Vollkommer, supra. Suits by and against trustees are quite common in state courts, and our reports abound with such cases.

There is no doubt that the circuit court has jurisdiction of all cases in law and equity, of which exclusive jurisdiction has not been vested in some other court. Controversies respecting the title or right to real estate is a subject upon which the state and federal courts have concurrent jurisdiction. Yet the jurisdiction of the federal courts is limited by the Bankruptcy Act itself. 11 USCA; Bardes v. First National Bank, 178 U. S. 524, 20 S. Ct. 1000, 44 L. Ed. 1175. The case here was not one of which the federal courts had exclusive jurisdiction. It is clear, therefore, that neither of the grounds mentioned was well taken, and the lower court did not err in retaining jurisdiction of the action.

The deed to the corporation was made by Congleton subsequent to its bankruptcy and the election and qualification of the trustee. By the Bankruptcy Act of 1898, sec. 70 (11 USCA, sec. 110), the trustee takes title by operation of law to all property of the bankrupt not exempt, but he takes no title to property thereafter acquired by the bankrupt. 7 C. J., sec. 224, p. 132; Hackett v. Hackett's Trustee (Ky.) 118 S. W. 377. The deed in question, being made after the adjudication in bankruptcy, conferred no rights whatever upon the appellant, and he was not concerned in its cancellation. But he insists that Congleton had made a contract on October 27, 1919, by which he had obligated himself to convey the property in question upon payment of $25,000, of which $2,000 had been paid; that this contract had become the property of the bankrupt before the adjudication in bankruptcy and the election of the trustee; and that such

equity as the bankrupt had in the property passed to him as trustee. Overcast v. Lawrence, 141 Ky. 25, 131 S. W. 1029; 7 C. J., p. 114 sec. 18; 7 C. J., p. 133, sec. 226; 7 C. J., p. 123, secs. 212 and 213.

The appellant did not file a counterclaim or cross-petition, asserting any claim to an equity in the property over and above such lien as Congleton may have had for the balance of the consideration. Botts v. Patton, 10 B. Mon. 452. He relied solely upon the recitals in the deed from Congleton to the corporation, which is attacked as fraudulent. It may be questioned whether the recitals in an instrument of transfer assailed as fraudulent, or any facts therein stated, operate as evidence against strangers to the instrument. 27 C. J., sec. 758, p. 815. Recitals in a deed bind the parties and privies thereto, whether in blood, estate, or law. Cornelius v. Kinnard, 157 Ky. 50, 162 S. W. 524; Carver v. Jackson, 4 Pet. 1, 7 L. Ed. 761. But they do not bind strangers claiming by an adverse title, or those who claim title anterior or paramount to the deed. Sabariego v. Maverick, 124 U. S. 261, 8 S. Ct. 461, 31 L. Ed. 430. The recitals in the deed in this case afford no evidence against appellee of the acts of the persons mentioned therein, who were not themselves parties to the instrument or bound by its declarations. But, if the recitals be accepted as prima facie evidence, and considered in the light of other facts appearing, they show no more than an equitable right to acquire the property upon payment to Congleton of a balance of $23,000.

The appellant did not plead facts or introduce proof tending to show that he was entitled to more than an equity in the property remaining after Congleton had been paid the balance of the consideration, or to show what was the value of that equity. Hiscock v. Varick Bank, 206 U. S. 28, 27 S. Ct. 681, 51 L. Ed. 950. The superior interest of Congleton did not pass to the appellant. The purchase money due Congleton is plainly subject to the plaintiff's claim, before any equity of the bankrupt corporation could arise. In the absence of a showing that the property was worth more than the vendor's lien of Congleton, it cannot be presumed that any of appellant's rights were affected by the judgment. Indeed, the decree merely adjudges a sale of the property to pay the judgment of Kelly, and, if an excess should result, the appellant may yet assert an equity therein.

Appellant may not complain of the judgment against Congleton (Hope Syndicate v. Southland Petroleum Co., 207 Ky. 473, 269 S. W. 517), or the cancellation of the deed, and, as his equity in the excess of the proceeds is not shown to be of any value, he is not in position to complain of the decree of sale.

It is further contended that Kelly had no lien upon the property and could not, for that reason, maintain the action as against appellant. It is well settled that an attorney has a general or retaining lien upon all documents, money, or other property of his client coming into his hands professionally until any balance due him for professional services has been paid. 6 C. J., sec. 368, p. 770; Sanders v. Seelye, 128 Ill. 631, 21 N. E. 601; McPherson v. Cox, 96 U. S. 404, 24 L. Ed. 746; In re Hollins, 197 N. Y. 361, 90 N. E. 997. But this right cannot be exercised unless possession of the money, papers, or property is retained by the attorney. 6 C. J., sec. 363, p. 766.

The lien given by section 107, Ky. Stats., is limited to claims placed in the attorney's hands for suit or collection, or upon which suit has been instituted, and it has no application to cases of the character here involved. Wilson v. House, 10 Bush, 406. But it does not follow that the judgment in this case is open to attack by the appellant. The appellee was admittedly a creditor of Congleton, and any conveyance by Congleton in fraud of his rights was not immune from the operation of sections 1907 and 1907a, Kentucky Statutes. In order to create a lien under these provisions for the protection of creditors, a suit in equity for that purpose was sufficient, without the ancillary aid of an order of attachment, or a return of "nulla bona." Williamson v. Morris, 166 Ky. 231, 179 S. W. 45. It was under these statutes that the appellee proceeded, and he was clearly within his rights in so doing.

Appellant complains of the court below in denying his motion for a jury trial of the issue attempted to be raised by him as to the amount of appellee's claim. Assuming, without deciding, that the motion was seasonably made (Civil Code, sec. 10; Clark v. Cooper, 197 Ky. 530, 247 S. W. 929), its denial was not error available to appellant, since the amount claimed by Kelly and allowed by the court was less than Congleton's lien on the land for purchase money, to which, in any event, appellant's equity was subordinate.

The burden is on an appellant to show that his substantial rights have been adversely affected by the judgment appealed from (Oakes v. Oakes, 204 Ky. 298, 264 S. W. 752; White v. Turner, 206 Ky. 604, 268 S. W. 291); and we fail to find in this record any ruling prejudicial to the rights of the trustee in bankruptcy.

The judgment is affirmed.