JUDGE COFER
delivered the opinion of the court.
The act of the 26th of January, 1866, giving attorneys at law “ a lien upon any chose in action, account, or other claim put into their hands for suit or collection, and upon judgments in actions prosecuted by them to recovery where the judgment is for money,” does not apply to this case, because there was no chose in action or other claim put into appellee Hurt’s hands for collection, and no judgment for money was recovered. >
The act of the 21st of January, 1871 (1 Session Acts, 5), provides that when an attorney shall be employed by either *407 the plaintiff or defendant in any action which is prosecuted by him to recovery he shall have a lien upon any property, either personal or real, which may be recovered in such action for the amount of his fee. No • property, real or personal, was recovered in the action for services for which appellee Hurt claims a fee. All that he did was to resist the confirmation of the sale; and as nothing was recovered for his client, there is nothing to which a lien could attach, and the court therefore erred in deciding that he had a lien on the rent due from Hardin which accrued under a contract between Hardin and House, and was not recovered in the action in which the services were rendered.
The court also erred in adjudging that the appellee Turner had a lien for his fees as clerk. It was decided that the fund due from Hardin belonged to the appellants under their contract with House, and we know of no rule of law which gave, or authorized the court to give, the clerk a lien to their prejudice for the security of his fees against House.
Wherefore the orders directing the appellee Ewing to pay to the appellee Hurt one hundred and thirty-five dollars with interest, and to the appellee Turner his fees against House out of the fund due from Hardin, are reversed, and the cause is remanded with directions to order the whole when collected of Hardin to be paid to' appellants.
As Hardin and Ewing are mere stakeholders for appellants, no judgment should be rendered against them for costs in this court.
The judgment is affirmed on the cross-appeal of House.