CHAS. EGINTON ET AL. v. W. J. RUSK ET AL.

[Abstract Kentucky Law Reporter, Vol. 3—689.]

**Attorney's Lien.**

When a conveyance has been made and the contract of sale fully executed, an action by the grantor to rescind, if defeated, can not amount to a recovery of the land by the grantee; nor would a recovery by the grantee, on a note that the grantor had given as an additional consideration for the purchase by the grantee, give to the attorneys a lien on the land.

**No Lien for Defendant's Attorney.**

When an attorney's client is merely a defendant to the action, not asserting affirmative relief, but resisting a recovery of property to which he has title, and the claim of the plaintiff is denied, no lien exists on the property in controversy for the attorney defending.

APPEAL FROM KENTON CHANCERY COURT.

March 9, 1882.

OPINION BY JUDGE PRYOR:

It seems to us that the case of *Wilson v. House,* 10 Bush (Ky.) 406, determines the question raised in this case. No real estate was recovered by the appellee's assignor in bankruptcy; but on the contrary, an action was instituted against Rusk for the rescission of the contract and a recovery back of the land conveyed to him by Fenton and wife in part consideration of a steamboat sold Fenton. The judgment below, in accordance with the mandate of this court, only denied the recovery on the part of Fenton and wife, and said that Rusk should return what had already been conveyed to him. The only action instituted by Rusk was to recover of Fenton's administrator (Fenton having died) the sum of two thousand dollars, the amount of the note Fenton had given for the boat, in addition to the land. Now the attorneys have a lien on the proceeds of this note, but they are asserting a lien, not on the note, but on the real estate; and this never was recovered by them in an action instituted by their client for that purpose. The attorneys of Mrs. Fenton would have had a lien because her action was to recover back the land, but the attorneys for Rusk have none, as he was declared the owner of that to which he was already invested with title, and

which title was alleged by Mrs. Fenton to be worthless, on account of the lunacy of her husband at the time he made the trade.

When a conveyance has been made and the contract of sale fully executed, an action to rescind by the grantor, if defeated, can not be said to amount to a recovery of the land by the grantee. Nor would a recovery by the grantee on a note that the grantor had given, as an additional consideration for the purchase by the grantee, give to the attorneys a lien on the land. The note is not a lien upon it, and although a part of the executed contract, a recovery on the note is not a recovery of the land. Nor was the prosecution of the appeal a recovery of the land. The primary and only object of this statute in relation to the fees of attorneys was to secure to them the value of their services for the successful prosecution of all actions for the recovery of choses-in-action, claims or the recovery of real or personal estate.

When his client is merely a defendant to the action, and is resisting, in that action, a recovery of claims or property to which he has title and the right of the plaintiff is denied, no lien exists on the property in controversy for the attorney defending. With this view of the case the judgment must be *affirmed*.

*W. P. D. Bush, Chas. Eginton, for appellants.*

*Horace Chambers, for appellees.*

