CASE 80—ACTION BY J. D. ATCHISON, CITY ATTORNEY, AGAINST THE
CITY OF OWENSBORO FOR SERVICES RENDERED.—FEB. 4.

# Atchison v. City of Owensboro.

### APPEAL FROM DAVIESS CIRCUIT COURT.

FROM A JUDGMENT FOR PLAINTIFF FOR ONLY A PORTION OF HIS CLAIM
HE APPEALS.  AFFIRMED.

CITY  ATTORNEY—COMPENSATION—VOLUNTARY   SERVICE  AFTER   TERM
EXPIRED.

Held: · 1. Under Kentucky Statutes, section 3314, providing that a
    city attorney shall be paid an adequate annual salary, and, in
    addition, "ten per cent. on all sums recovered and collected
    by him for the city," where an action was brought against the
    city to enjoin the collection of a tax, which action was suc-
    cessfully defended through the State courts by the city attor-
    ney, and judgment entered and affirmed on appeal for a pen-
    alty· against the plaintiff in such action, such attorney was
    entitled to ten per cent. on the amount of such penalty, but not
    on the amount of the tax.

2. Where ·an action against a city, successfully defended by the
    city attorney through the State courts, was appealed to the
    supreme court of the United States, and, after such attorney's
    term had expired, he, without the request of the city, went to
    Washington, and assisted his successor in the case, the city
    was .not liable to him for his expenses so incurred, or for
    such services.

3. Where a city attorney recovered a money judgment for the city
    in the county and State supreme courts, the fact that collection
    was delayed, until after his term expired, by an appeal to
    the supreme court of the United States, with *supersedeas*
    bond, ·did not deprive him of his right to ten per cent. of the
    amount so recovered.

C. S. WALKER & L. P. LITTLE, FOR APPELLANT.

## SYNOPSIS.

1. As city attorney of appellee, Owensboro, Ky., a city of
the third class, appellant's compensation was the annual salary,
$600, fixed by ordinance, "and ten per cent. upon all sums re-

Atchison v. City of Owensboro.

covered and collected by him for the city." Kentucky Stat-
utes, sec. 3314.

2. "Recovered," as used in the statute, means "the restora-
tion of a former right, by the solemn judgment of a court of
justice," or to be successful in a suit. Bouvier's Law Dic-
tionary; Black's Law Dictionary, 20 Am. & Eng. Ency. of
Law, (1st ed.) 604 and notes; Powell v. Powell, 84 Va., 415;
Oxford v. Paris, 33 Me., 180; Leslie v. York, 23 Ky. Law Rep.,
2076.

3. Appellee, Owensboro, recovered, in each of the actions, upon
the dissolution of the injunction therein in the Daviess circuit
court, which was a final judgment, and "the restoration of a
former right," and the *supersedeas* operated only to stay pro-
ceedings on the judgment, and did not, in any way, affect its
validity. Civil Code, secs. 747 and 752; Davis v. Connelly,
104 Ky., 89; King v. Tilford, 100 Ky., 565.

These decisions were rendered since the amendment, in 1894,
to Civil Code, section 747. Those previous to said date are
not in point except in that they are in accord with the later
ones in determining that an affirmance of a judgment dissolv-
ing an injunction and dismissing a petition relates back to, and
takes effect at, the date it was rendered by the court of original
jurisdiction, as in this instance the Daviess circuit court.
Elizabethtown, &c. R. R. Co. v. Ashland, &c. St. Ry. Co., 94
Ky., 481; Smith v. Western Union Telegraph Co., 83 Ky., 274.

4. The provisions in the statute in regard to the compensa-
tion of the city attorney for a city of the first, second, fourth
and fifth class, and for a town of the sixth class, (Kentucky
Statutes, secs 2909, 3366, 3167, 3509, 3649, 3685), are explicit
that every city and town of each of said classes, in the State,
shall pay its attorney a stated, fixed salary in remuneration for
all services rendered, or work performed, by him as such at-
torney. The only variance is in the case of an attorney for a
city of the third class, where he is to be paid an annual salary,
"the same to be fixed by ordinance before his election" and "in
addition . . . ten per cent. upon all sums recovered and
collected by him for the city." (Kentucky Statutes, secs. 3313
and 3314.) This difference or variance is not in spirit or in-
tention, but in the interpolation of words only.

The statute is one, although embodied in several acts passed,
at different times, in pursuance to section 156 of the Consti-
tution, and these acts are *in pari materia*, and are to be con-
strued together, "as forming a united system," and the legis-
lative intent, in a particular instance, is to be gathered from

them as a whole. State v. Gerhardt, (145 Ind., 439), 33 L.
R. A., 322.

It is clear the Legislature did not intend to make the compensation of the attorney for a city of the third class, as to the ten per cent., depend upon his personally collecting the amount recovered; but, rather, intended that he should be entitled to it, as a part of his remuneration, for his services in obtaining a recovery which is collectible, or collected by the city.

5. The word, "collected," in the statute (Kentucky Statutes, sec. 3314) was carelessly used for and means "collectible," and the latter should be substituted for the former in its construction. Bird v. Board of Cmrs., 95 Ky., 195, 198 and 199; Thornton v. McGrath, 1 Duv., 351 and 352; City v. Com., 9 Dana, 70; Com. v. Delaware Division Canal Co., (123 Pa., 594), 2 L. R. A., 798; People v. Bloomington Trops. Highway Comrs., (130 Ill., 482), 6 L. R. A., 161; Suburban Light & P. Co. v. Boston. (153 Mass., 200), 10 L. R. A., 497; Board v. Maysville, &c. R. R. Co., 97 Ky., 151 and 152; Douglass v. Cline, 12 Bush, 649.

6. "Collected' and "collectible" are sometimes used in a statute, as in the present instance, interchangeably (City v. Com., 9 Dana, 70), while "recovered" imports that "what was obtained by the suit," shall be "collected." Leslie v. York, 23 Ky. Law Rep., 2076.

It follows that the words, "and collected," in the statute, are redundant and meaningless, or else are used in the sense of "and collectible."

7. The construction of the statute for which we contend is the one given to it by appellee city, through its council, when appellant was appointed its city attorney, and it has ever acted, and paid its attorney, in every similar case involving this statute, accordingly. And this has been the case with every city of the third class in the State involved in litigation of the same nature with banks.

This contemporaneous construction is "a safe interpreter, and ought not to be overruled without cogent reasons" and in every instance, "the will of the Legislature, and not the words used by it, must control." Barbour v. City of Louisville, 83 Ky., 102 and 103.

8. Of this construction, which is not purely private, but connected with, or involved in, a matter of public nature, or is or should be generally known in the court's jurisdiction, judicial notice will be taken, although inquiries on the subject may be necessary on account of the judge's lack of information. Wood v. Lee, 5 Mon., 65; Bell v. Barnet, 2 J. J. Marshall,

520;. Davern v. Bridgeford & Co., 13 Ky. Law Rep., 971; 17 Am. & Eng. Ency of Law (2d ed.) 895 and note; Hoyt v. Russell, 117 U. S.. 404 and 405.

9. The provisions in regard to the collection of taxes in cities of the third class (Kentucky Statutes, secs. 3389, 3390, 3391, 3396, 3397, 3398 and 3399) are, in substance, the same as those relating to cities of the first class (Kentucky Statutes, sec. 2998, *et seq.*), while the council in the former are expressly denied the power to release or extinguish, "in whole or in part" any indebtedness or liability (Kentucky Statutes, sec. 3277), which is the same as the constitutional provision. Con. sec. 52.

It follows that the compromise made by appellee city was without authority and of no effect.   City of Louisville v. Louisville Ry. Co., 23 Ky. Law Rep., 390.   .

10. Appellant, as attorney for appellee city, entered its appearance, and was its attorney of record, in the supreme court of ·the United States, and is clearly entitled to the docket, or taxed attorney's fees, therein.

11. Appellant was authorized and directed by appellee city to perform the services rendered by him in the supreme court of the United States, and there was no revocation thereof, and it, also, acquiesced and obtained the benefits of them, and will not be permitted to refuse to pay the necessary expenses incurred in its behalf on this account.

The facts are averred in the petition, and it was error to sustain a demurrer to them.

Moreover, these cases having been committed to appellant to practice in the supreme court of the United States, it was his right and duty to argue them as ordered by said court, and, in legal contemplation, he continued in office for this purpose, which was all left to be done.   This seems certain in the absence of an express prohibition, or discharge of him as its attorney, in which event he would be entitled to recover the value of his services to the time of his dismissal.

12. Appellant ought to recover, in any view that may be taken, the value of his services as fixed by the statute, or as much as they deserve or merit.

13. "Where the services to be performed are professional or private, rather than public or official," as in the present case, "an employment for a fixed time, at a fixed sum," is a contract, which can not be impaired by the city. 1 Dillon on Mun. Corp., (4th ed.) sec. 232.

The ten per cent., a fixed sum on the taxes, was an essential part of the compensation, and the right thereto vested in appellant, which can not be impaired.

The decision in City of Louisville v. Louisville Ry. Co., 23 Ky. Law Rep., 390, by implication at least, sustains this position.

14. The cross-appeal can not be maintained because: (1) The amount involved is only $111.88. Kentucky Statutes, sec. 950; Cannon v. Edwards, 6 Ky. Law Rep., 734; Licking Rolling Mill Co. v. Fisher, 88 Ky., 176. (2) The judgment appealed from is wholly distinct from the judgment involved in the cross-appeal, and, in no way, influenced or controlled by it. Brown v. Vancleave, 86 Ky., 381. (3) There was no motion made, or grounds filed, for a new trial in the court below.

15. The petition avers facts sufficient to show that appellant was entitled to the judgment sought to be reversed on cross-appeal, which are not put in issue.

GEORGE W. JOLLY, CITY ATTORNEY, FOR APPELLEE.

The case in a nutshell is simply this: The banks instituted actions in equity against the city of Owensboro and its tax collector, for the purpose of perpetually enjoining the collection of franchise taxes assessed by the State board, and certified to the county clerk and by him to the city tax collector. An injunction *pendente lite* was obtained and collection of the taxes stayed until final hearing. The city answered but set up no counter claim or cross-petition. On final hearing in the circuit court, the petitions of the banks were all dismissed, the temporary injunctions dissolved and judgments rendered in favor of the city for its costs and damages. The banks all superseded the judgment and prosecuted appeals to the court of appeals, and the judgments of the circuit court were all affirmed. 102 Ky., 174. Writs of error were then sued out by the banks and the cases all taken to the supreme court of the United States where they were heard and affirmed.

With the exception of costs and damages on the dissolution of the injunctions and on the *supersedeas* bonds, where was there any recovery by the city of Owensboro? With the exception mentioned, there was nothing "recovered" and nothing "collected." When the suits were dismissed and the injunction dissolved by the circuit court, and its judgments affirmed, the tax collector and the city were left in the precise status occupied by them before the suits were commenced. The city sought no affirmative relief and obtained none, sued for nothing, recovered nothing and appellant collected nothing during his term of office.

A motion has been made to dismiss the cross-appeal. The whole case on appeal and cross-appeal was submitted at last

Atchison v. City of Owensboro.

term.   This motion it seems to me comes too late; it ought not now be permitted, but the question decided when the whole case is determined.   But, we respectfully submit, that the appeal brings the whole case before this court, and this court ought to consider the whole matter involved in the litigation.   It is a claim for commissions.   The appellant in his motion for a new trial assigned for error:   "Tenth.   The court erred in dismissing the residue of the petition after rendering the judgment for $111.18."   The consideration of this alleged error necessarily requires the court to consider the correctness of the whole judgment rendered by the court below.   The matter in litigation is all blended together.   It is one cause of action. The case of Brown v. Van Cleave, 86 Ky., 381, is conclusive of the appellee city's right to a cross-appeal.   The judgment rendered was not "wholly distinct" from the cause of action set up in the petition, but on the contrary was for a part of that cause of action.   As the plaintiff appeals does he not necessarily bring up the whole cause of action?   The court below erred in the manner pointed out in the assignment of errors by the city.

The contention of the city is: (1) that inasmuch as no judgments were rendered for the taxes, and no taxes were ever collected by appellant, he is not entitled to any commissions; (2) that as appellant never collected anything on the judgments rendered, for damages on dissolution of the injunctions and on the *supersedeas* bonds, he is not entitled to claim commissions on the amount of such judgments, and that the court erred, therefore, in giving him judgment for a sum equal to ten per centum on the amount of the judgments recovered on the dissolution of the injunction bonds and *supersedeas* bonds.

The collections were delayed by the litigation carried on in regular course by the banks and by superseding the judgments, for more than a year after appellant's term of office expired. The city, therefore, was powerless to collect the money, and did not collect it until long after his term expired.   When his term expired he was *functus officio* and his duties and responsibilities ceased.   The duties and responsibilities, and the right to commissions, if any, ceased and passed to his successor in office, Mr. Chapeze Wathen.   Hendrick v. Posey, 104 Ky., 20.

We therefore pray the court to affirm this case on the original appeal and reverse it on the cross-appeal.

## CITATIONS.

Kentucky Statutes, secs. 2740, 3311 to 3314, 3424;   Owensboro Bank Tax Cases, 19 Ky. Law Rep., 248, 102 Ky., 174; Same cases in the U. S. Supreme Court, 173 U. S., 636, 664;

Hendrick v. Posey, 104 Ky., 20; Bouvier's Law Dict., Commissions; The Pacific, Deady, 192 (U. S. Cir. Ct. Rept.); Brown v. Van Cleave, 86 Ky., 381.

OPINION OF THE COURT BY JUDGE HOBSON—AFFIRMING.

Appellant was the attorney of the City of Owensboro from January 1, 1894, to January 1, 1898. In the year 1894 there was a controversy between the banks and the city as to whether they were liable to municipal taxation. As city attorney, appellant advised the tax collector to proceed to collect the taxes. As soon as proceedings were instituted for this purpose by the tax collector, the banks filed their petitions in the Daviess circuit court, obtaining an injunction against the collection of the taxes. Appellant, as city attorney, was directed to defend the suits, which he did, and on March 2, 1895, obtained a judgment in the Daviess circuit court dismissing the petitions, and dissolving, with damages, the injunctions. The damages awarded on the dissolution of the injunctions amounted to something over $1,000. The banks prosecuted an appeal from the judgment of the Daviess circuit court to this court. Appellant, as city attorney, represented the city on these appeals, and on March 24, 1897, obtained an affirmance of the judgment of the circuit court, with 10 per cent. damages on the supersedeas. From the decision of this court the banks, on August 30, 1897, prosecuted an appeal to the supreme court of the United States, and before that appeal was heard appellant's term as city attorney ended. After the end of his term, he wrote to the city council, calling attention to the cases, and offering to go to Washington and attend to them, if the council wished him to do so. The council laid the communication on the table. Appellant, however, at his own expense, went to Washington, and, in connection with his successor, the acting city attorney, attend-

ed to the cases in the supreme court; his expenses in this matter being something over $90. On April 3, 1899, the supreme court affirmed the judgment of this court. After this the city council directed its tax collector to collect the taxes, which he did, and refused to pay appellant anything for his services, or on account of his expenses, and he thereupon filed this suit to recover therefor. The amount collected by the city tax collector from the banks was $18,859.56, and appellant insists that a much larger amount was due by them which the tax collector failed to collect. He claims that he is entitled to 10 per cent. on the amount paid by the banks, or which should have been paid by them.

Section 3314, Kentucky Statutes, is as follows: "The city attorney shall be paid an adequate annual salary, payable monthly out of the city treasury, the same to be fixed by ordinance before his election and not changed during his term of office. In addition to his salary, the city attorney shall be paid his expenses when it shall be necessary for him to go out of the city to attend to legal business for the city, and ten per cent. upon all sums recovered and collected for him for the city." As appellant was not city attorney when he went to Washington, and was not requested or employed by the council to go there, he has no claim against the city for his expenses in this behalf. The city attorney then in office did go in behalf of the city, and was in Washington attending to the matter, and appellant's position in the case was wholly that of a volunteer. He has no claim, therefore, against the city, for the docket fees allowed in that court, or for his personal expenses. The services rendered in the Daviess circuit court and this court stand upon a different plane. He was the city attorney when these services were rendered. In attending to the cases he was in discharge of his duties as city attorney.

Whether such services, in the contemplation of the statute, were covered by the "adequate annual salary, payable monthly out of the city treasury," as therein provided, or whether he is therefor entitled to 10 per cent. of the sums in controversy in those actions, is a question which must be determined from the language of the statute itself. The suits which the banks had brought against the city were proceedings instituted by them to prohibit the city from collecting the taxes. Appellant merely defended these suits. He did not recover anything in those actions, except the damages on the dissolution of the injunctions and the damages on the supersedeas. The term "recover" has a well-defined meaning of the law, and this meaning has been the matter of adjudication by this court prior to the adoption of the present statutes. Under the statute giving an attorney a lien for money or property, which may be recovered in an action prosecuted by him, it was held that the defendant's attorney, who merely defeated a judgment which was sought against his client, had no lien on the fund which was in controversy. Wilson v. House, 73 Ky., 406. We therefore conclude that for merely defending the suits brought by the banks it can not fairly be said that appellant recovered anything for the city, except the judgment for damages, and that he is not entitled, under the statute, to 10 per cent. of the amount of the taxes in controversy in that case, which he did not in any legal sense recover. The purpose of the statute seems to have been to make the attorney diligent in recovering and collecting money due the city where the claim was placed in his hands for collection. If the statute were construed to give the attorney 10 per cent. of the amount in controversy in all actions which he might defend, the purpose of the statute in provid-

ing for him an adequate annual salary would be entirely defeated.

The court adjudged appellant entitled to 10 per cent. of the damages recovered by him for the city, and of this the city complains on the ground that he did not collect the money. But the statute should receive a reasonable construction. Appellant obtained a judgment for the money, and an affirmance of the judgment of this court. The collection of the judgments was delayed by the appeal to the supreme court of the United States, without his fault, and by matters over which he had no control. He did all he could do. The judgments were good, and, in view of appellant's faithful services for the city, and his skill and efficiency in those actions securing to the city valuable rights, which it enjoys, we are not prepared to say that, under all the facts of the case, there was any error of the court in the judgment to this extent.

The judgment complained of is therefore affirmed on the original and cross-appeal.

Petition for rehearing by appellant overruled.