Berney B. Borg for use of Otto Miller, Appellant, v. Kawin & Company, Garnishee. Walter J. Miller, Petitioner, Appellee.

Gen. No. 19,800.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. EDWARD T. WADE, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed December 21, 1914.

## Statement of the Case.

Otto Miller brought a garnishment suit on a judgment had by him against Berney B. Borg, summons being served on Kawin & Company as garnishee. The garnishee was indebted to Borg in the sum of $1,100, which was the amount of the verdict in a suit brought by Borg against Kawin & Company, in which Borg was represented by Walter Miller, an attorney. Walter Miller filed an intervening petition in this garnishment proceeding, claiming a lien on the amount recovered because of a contract whereby Borg was to pay him one-sixth of the amount realized for his services. A copy of such contract with a notice of

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

a claim for attorney's lien was served on Kawin & Company in compliance with the statute (Hurd's Rev. St., ch. 82, § 55, J. & A. ¶ 611). On the trial the court sustained the claim for lien and ordered the sum of $183.33, the amount awarded to the attorney, to be paid into court until its further order, and judgment was entered for the plaintiff for the balance of the fund owing from the garnishee. From such judgment the plaintiff appealed.

CHARLES G. ROSE and RINGER, WILHARTZ & LOUER, for appellant.

WALTER J. MILLER and WALTER L. WENGER, for petitioner.

MR. JUSTICE MCSURELY delivered the opinion of the court.

### Abstract of the Decision.

1. ATTORNEY AND CLIENT, § 138*—*when attorney is entitled to lien.* An attorney who has complied with the statute (Hurd's Rev. St., ch. 82, § 55, J. & A. ¶ 611) is entitled to a lien for his services.

2. APPEAL AND ERROR, § 1214*—*when appellant cannot complain of action of lower court.* An appellant who is not affected by an order requiring a sum due an attorney to be paid into court until its further order cannot complain of such order.·

3. ATTORNEY AND CLIENT. § 150*—*what order in reference to lien may be entered.* A court in the exercise of its equitable powers in adjudicating an attorney's lien may properly order the amount due such attorney to be paid into court until its further order.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.