Thomas K. STONE, Appellant

v.

Pennie DUBARRY (now DeTorres);
and John DuBarry, Appellees

2015–SC–000040–DG

Supreme Court of Kentucky.

DECEMBER 15, 2016

Rehearing Denied April 27, 2017

COUNSEL FOR APPELLANT: Steven Allen Snow, 117 Wiltshire Avenue, Louisville, Kentucky 40207–3019

COUNSEL FOR APPELLEE, JOHN DUBARRY: Diana L. Skaggs, Michelle E. Mapes, Diana L. Skaggs & Partners

PLLC, 623 West Main Street, Louisville, Kentucky 40202

APPELLEE, PENNIE DUBARRY (NOW DETORRES), Pennie DeTorres, 5553 Forest Lake Drive, Prospect, Kentucky 40059

OPINION OF THE COURT BY JUSTICE NOBLE

The Jefferson Circuit Court, Family Division, set aside an attorney fee lien filed by attorney Thomas K. Stone on what had been the marital residence of Pennie and John DuBarry, who had filed for divorce. The Court of Appeals affirmed. This Court granted discretionary review to address whether KRS 376.460, known as the attorney's lien statute, creates an enforceable statutory attorney fee lien in dissolution actions. Having reviewed the record and the arguments of the parties, we conclude that it does not, although a contractual lien may apply to the assets of the client after entry of a decree. This Court therefore affirms the Court of Appeals.

## I. Background

The parties do not dispute the underlying facts. Pennie and John were married on September 3, 1978. Pennie filed a petition for dissolution of that marriage on May 9, 2013. At the time Pennie filed her petition, she was represented by Stone. The "Employment Contract with Escrow" between Stone and Pennie stated, in pertinent part that:

Client hereby grants a lien to Attorney on all Client's assets, now owned and hereafter acquired to secure payment of all sums becoming due hereunder to Attorney. In the event that any portion of the Attorney's fees or costs are outstanding after demand for payment and litigation shall become necessary to collect said fees and costs, Client agrees to pay all costs of litigation, including a reasonable attorney's fee for said litigation.

John and Pennie entered into a property settlement agreement on August 7, 2013, which Stone helped negotiate. The agreement provided: "John shall retain the marital residence. He shall refinance and remove Pennie from liability and pay Pennie $20,000.00 for her interest therein. Pennie shall vacate the residence on or before 30 days following her receipt of the $20,000.00. She shall quitclaim her interest to John." The agreement also provided the parties were responsible for their own attorney's fees, except for $1,500 that John agreed to pay to Pennie's attorney. At no point during the negotiations did Stone indicate that he had a contractual lien against Pennie's property as security for his attorney's fees.

On August 14, 2013, the court entered a decree of dissolution, which incorporated the property settlement agreement. The effect of this decree was to make the terms of the property settlement agreement the orders of the court, after review and approval by the court. On August 28, 2013, Stone filed a motion seeking leave to withdraw as counsel for Pennie and a Notice of Attorney's Lien and Intent to Hold Property Liable. The Notice indicated that Stone intended "to hold the property owned by PENNIE A. DuBARRY (now PENNIE A. DeTORRES) liable by placing a Lien in the amount of $7,142.82, with interest at the rate of 2% per month until paid," and listed the marital residence as the property subject to the lien. The problem, of course, is that the marital home was no longer "owned by PENNIE A. DUBARRY (now PENNIE A. DeTORRES)," the court having ordered otherwise.

On October 9, 2013, John filed a motion asking the court to release the lien, stating that he had attempted to refinance the

property pursuant to the property settlement agreement but could not do so because of the lien. John argued that the lien was improper because he had been "awarded the marital residence under the parties' Marital Settlement Agreement."

By order entered on October 23, 2013, the trial court granted John's motion and set aside the lien. In doing so, the court found as follows:

> Counsel for [John] argues that neither she nor her client had notice of the existence of the aforementioned [employment] contract at the time the [Property Settlement] Agreement was negotiated. Moreover, neither was presented with notice of the lien. The lien was filed after entry of an agreement in which both parties agreed the home would be the property of [John]. After entry of the Agreement, [Pennie] no longer had any interest in the home, but rather had interest only in the money which was to be paid to her representing her share of the equity of the home.
>
> The Court finds that Respondent had no notice of the contract which Mr. Stone asserts established the basis for the lien he ultimately filed. Said contract for fee was entered prior to [John] engaging in good faith negotiations regarding the home which is the asset upon which the lien attached. [John] was not provided with notice of said lien until he attempted to comply with the terms of the agreement to refinance. Additionally, according to the terms of the agreement, each party was responsible for their own attorney's fees, with the exception of $1,500.00 paid by [John]. As a result of the lack of notice to [John] of the contract between Mr. Stone and [Pennie], the Court concludes that the lien is improper and shall be set aside to permit [John] to comply with the terms of the

agreement which he negotiated in good faith.

Stone timely filed a motion to alter, amend, or vacate, which the court denied on November 12, 2013. Stone then appealed to the Court of Appeals.

The majority of the Court of Appeals panel affirmed the family court. In doing so, the Court stated as follows:

> Stone contends that he was authorized to attach a lien to the property in order to secure the payment of his legal fees pursuant to the provisions of Kentucky Revised Statute[s] 376.460. He notes that the statute expressly permits an attorney to have a lien "upon all claims . . . upon which suit has been instituted, for the amount of any fee agreed upon by the parties . . . ." The statute also provides that where an action "is prosecuted to a recovery of money or property, the attorney shall have a lien upon the judgment recovered, legal costs excepted, for his fee." But where the parties "in good faith and before judgment compromise or settle their controversy without the payment of money or other thing of value, the attorney for the plaintiff shall have no claim against the defendant for any part of his fee." *Rice v. Kelly*, 226 Ky. 347, 10 S.W.2d 1112, 1115 (1928).
>
> The parties in this case reached an agreement concerning the disposition of their property. Attorney Stone did not recover a judgment in the sense of creating an asset that could be attached as contemplated by the statute authorizing him to attach a lien to such assets. We conclude that under these circumstances, the provisions of KRS 376.460 have no application and that Stone was not entitled to file an attorney's lien against the real estate.
>
> Stone sought discretionary review, which this Court granted.

## II. Analysis

To put this case in proper perspective, we first note that Stone has intermingled several lien concepts in an attempt to piece together a solution that works in his favor. In his brief to the Court of Appeals, and in his arguments here, he has argued both the right to a statutory attorney's lien as well as concepts that derive from consensual or contractual liens. This is mixing apples and oranges.

 First, an attorney's fee lien is not consensual, but instead operates as a matter of law. If the lien applies, no notice is required because everyone is held to have notice of the enacted statutes. It is the essence of non-consensual. Contractual liens, by contrast, only occur when the lien is created by agreement of the parties and are given in consideration of the work or other valuable thing given by the lienholder. A contractual lien "shows an intention to charge some particular property with a debt or obligation." *McFerran v. Louisville Title Co.'s Receiver*, 254 Ky. 362, 71 S.W.2d 655, 657 (1934). These liens are enforced not only between the parties, but also against interested third parties, if they have notice of the lien. *Id.*

Thus, under the circumstances of this case, Stone has two arguments: That he is entitled to a statutory attorney's fee lien, which requires no further notice, and that he has a contractual or consensual lien through his contract of employment with Pennie, which does require notice if it is to be enforced against third parties, or under the terms of their agreement applies to any of *Pennie's* assets.

This Court will address both lien claims in turn.

### A. KRS 376.460 does not apply in dissolution property division matters.

 Statutory construction is a matter of law which requires *de novo* review by this Court. *Hearn v. Commonwealth*, 80 S.W.3d 432, 434 (Ky. 2002) (citing *Bob Hook Chevrolet Isuzu, Inc. v. Commonwealth*, 983 S.W.2d 488 (Ky. 1998)). In construing statutes, our goal is to give effect to the intent of the General Assembly, which we derive, if possible, from the language the General Assembly chose as generally understood in the context of the matter under consideration. *See Osborne v. Commonwealth*, 185 S.W.3d 645, 648 (Ky. 2006); *Gateway Const. Co. v. Wallbaum*, 356 S.W.2d 247, 249 (Ky. 1962). We presume that the General Assembly intended for the statute to be construed as a whole and for all of its parts to have meaning. *Hall v. Hospitality Resources, Inc.*, 276 S.W.3d 775, 784 (Ky. 2008).

The statute at issue, KRS 376.460 provides:

Each attorney shall have a lien upon all claims, except those of the state, put into his hands for suit or collection or upon which suit has been instituted, for the amount of any fee agreed upon by the parties or, in the absence of such agreement, for a reasonable fee. If the action is prosecuted to a recovery of money or property, the attorney shall have a lien upon the judgment recovered, legal costs excepted, for his fee. If the records show the name of the attorney, the defendant shall be deemed to have notice of the lien. If the parties in good faith and before judgment compromise or settle their controversy without the payment of money or other thing of value, the attorney for the plaintiff shall have no claim against the defendant for any part of his fee.

 There is no debate that an attorney is entitled to be paid for the work he or she performed in accordance with the agreement of employment entered into with the client. These fees can be collected

by direct order of a court where the statutes allow an award of attorney's fees, such as in a domestic-relations action; by suit to obtain fees earned under the employment contract; or by attachment of a lien under the employment contract. But an attorney may not file a lien under KRS 376.460 (the attorney's lien statute) and thereby attach money or property subject to division in a divorce action, because the very property an attorney seeks to file a lien against is in fact the subject matter of the court's jurisdiction when it comes to property division. Allowing such a lien, entered into by only one party without notice to the spouse (and opposing party) thwarts the ability of the court to make a just division of property as is required by law.

■ Indeed, liens are not necessarily the best option to recover attorney's fees because often collection of monies owed depends on accessing the money or property attached, which can be time consuming, or at times the lien will simply "stake a claim" until property is liquidated or money is released to the lienholder. But a key point to consider is that such a restriction on someone else's property can only be justified if the lienholder has some legitimate claim against that very property. That is the general nature of how liens work.

Under the attorney's fee lien statute, the attorney has a "lien upon all claims … put into his hands for suit or collection or upon which suit has been instituted." KRS 376.460. "If the action is prosecuted to a recovery of money or property, the attorney shall have a lien upon the judgment recovered, legal costs excepted, for his fee." *Id.* By obvious implication, this statute contemplates that the judgment will be for "money or property" that is "recovered."

In a domestic relations case, under KRS 403.150 the petition must be verified and first state that the marriage is "irretrievably broken"; then give the identity of the parties and other historical and demographic information, including whether there are any minor children or existing pregnancies; and then ask for the *relief sought.* The primary relief requested, of course, is that the marriage be dissolved. When it comes to *money or property,* however, each spouse asks that his or her personal property be *assigned* to him or her, and that the joint marital property be *divided* in just proportions. KRS 403.190. All the property that will ever be subject to the divorce court's orders, or the right to obtain that property in the future, exists at that very point in time, including any claims to the personal or marital estates that might be contested outside the divorce. For such contested claims, whatever amount that is established outside the divorce action is also subject to assignment or division by the divorce court.

In other words, the property division court will not be presiding over litigation to create a sum of money or determine ownership of property beyond that which can be classified as non-marital or marital, the rights to which already exist within the marital estate.

■ Although there is not a lot of precedent on this lien matter in domestic cases, the cases which have addressed attorney's liens emphasize that the lien can only be against a fund of money or property *created or obtained* by the attorney. *E.g., Rice v. Kelly,* 226 Ky. 347, 10 S.W.2d 1112 (Ky. 1928). The attorney must create or obtain an attachable fund. This has been the case since at least 1874, when our highest court, then the Court of Appeals, pointed out that property must be *recovered* before a lien can attach. *Wilson v. House,* 73 Ky. (10 Bush) 406 (1874). In

that case "[a]ll that [the lawyer] did was to resist the confirmation of the sale." *Id.* at 407. The attorney had no lien because "[n]o property, real or personal, was recovered." *Id.* The attorney in *Wilson* had tried to file a lien on rent owed to the client which the attorney had done nothing to obtain because all he did for the client was argue against confirmation of the sale of the client's property.

 As the current Court of Appeals has stated in an unpublished opinion on this issue, "the right to file an attorney's lien is founded upon the theory that the attorney's services and skills produced the property that the client now possesses." *Meehan v. Ruby*, No. 2009–CA–002402–MR, 2011 WL 1515415, at *3 (Ky. App. Apr. 22, 2011) (unpublished opinion) (citing *Exchange Bank of Kentucky v. Wells*, 860 S.W.2d 785 (Ky. App. 1993)).[1] Meehan, the attorney, had filed a lien against Ruby's real estate for her attorney's fees in representing Ruby's wife in a domestic violence hearing. But as the court held, the attorney's lien statute did not apply against property or assets that did not arise directly as a result of the underlying suit.

Then coincidentally enough, Mr. Ruby, who happened to be an attorney, was himself in the position of claiming an attorney's lien in another unpublished Court of Appeals case, *Ruby v. Scherzer*, No. 2012–CA–001724–MR, 2013 WL 5423067 (Ky. App. Sept. 27, 2013) (unpublished opinion). In that case, Ruby sought to enforce an attorney's lien in a foreclosure action against Scherzer based on his representation of her in a divorce action filed by her husband. Ruby had filed the lien on property that he claimed Scherzer had obtained in the divorce action to protect his claim for $13,502.84 in unpaid attorney's fees,

plus 18% interest. Scherzer argued that the lien statute did not apply in divorce actions, but only in personal injury and collection cases. Ruby countered that he had worked hard in her case, obtaining the rental property for her, as well as child support and private school tuition. The rental property was the subject of the foreclosure and attorney's fee lien action.

Citing *Meehan*, the court first noted that statutory construction required considering the intent of a statute through its stated language. *Id.* at *5–6. When examined closely, the language of the statute only authorized the lien in cases that involve recovery of an attachable asset, a right founded on the view that the attorney's services and skills produced the property possessed by the client. *Id.* at *6. Since Ruby had not obtained attachable property in the divorce action, his lien was not proper. As the court explained, "Scherzer did not 'obtain' any additional property, such as a money judgment in a personal injury action." *Id.* All that occurred in the divorce action was that "her marriage was dissolved, and she was assigned her nonmarital property and awarded her share of the marital property." *Id.*

Although not binding on this Court, the court was correct in *Ruby* when it noted that "[b]eing awarded a money judgment or property in a civil action and the assignment and division of property in a dissolution action represent two very different circumstances." *Id.* Simply put, an attorney does not "obtain" what the client already owns or has a legal right to by virtue of the property being marital. While the attorney's efforts may result in the client's owning marital property free of any claim from the spouse, that is not the

---

1. The Court cites this opinion and another unpublished opinion under CR 76.28(c), which allows citation of such opinions "if

there is no published opinion that would adequately address the issue before the court."

same as creating or obtaining the property itself. And non-marital property has always been owned by the individual, and thus the client benefits little from an attorney's efforts unless the characterization of the property as non-marital is challenged. But this, too, does not create or obtain the property. Characterization only clarifies the property as owned individually or with the spouse through joint ownership or as a matter of law because of the marriage. Marital property is *divided*, rather than *assigned*. This is true even though property may be held separately during the marriage but was earned or acquired during the marriage. So while an attorney's efforts are valuable in making sure that his client receives her non-marital property and a fair share of the marital property, no new fund is being created.

Thus it is clear that the attorney's lien statute was not meant to, nor does it, apply generally in divorce property division proceedings. Under the plain meaning of the word *recovery* used in the lien statute (as statutory construction requires), a client must gain something or be restored to something taken from him. *See, e.g., Webster's II New College Dictionary* (1995) (defining "recover" to mean "to get back"). And the recovery must be of money or property. A divorce client does not gain new money or property, nor has she been deprived of any property she has an ownership interest in that must be reobtained. In a divorce action, property is not created nor obtained; it is assigned (non-marital property) or divided (marital property).

The client may well have her name restored, or she may gain her freedom from her spouse, but those are not money or property. And after divorce, the client generally has claim to *less* money and property than she had prior to divorce. The client's estate has not been enlarged; it

has been diminished by division from the overall marital estate. No money or property has been recovered that did not exist, or the future right to claim did not exist (such as retirement benefits payable in the future), before the divorce became final; no assets were created by the attorney which increased the status quo.

This is true of property that was held separately *during the marriage* as well. In today's world, most families have two wage earners, and for example, often each spouse keeps a separate checking account that may or may not be accessed by the other spouse. Nonetheless, upon filing for divorce, if the account contains funds that were earned during the marriage, those funds are designated as marital, losing their separate status, and are subject to equitable division. This occurs by operation of law, and is not due to any effort of the attorney. While it may be that a highly skilled attorney succeeds in getting a larger share for his client, his work did not create the fund, and his client's right to claim against the fund upon filing for divorce is a contingency against that fund even during the marriage. This is established by statute, and not because the attorney established the propriety of allowing such a claim.

It should be noted that should an attorney be responsible for the recovery of money or property outside the marital estate as a part of the ongoing divorce action, then the potential for an attorney's lien exists. While most such claims are ancillary to the divorce action, they sometimes are litigated in the divorce action, or brought in the same case after a decree is entered on continuing jurisdiction matters such as child support or maintenance. For example, if the court had awarded temporary maintenance to the wife, but husband failed to pay it, leading to the court offsetting the maintenance owed against the

husband's share of the marital property, then arguably the attorney has obtained a recovery for the wife, and could attach a lien to that amount. And subsequent to the court's order or decree, if the litigants returned to court to seek unpaid child support, then any fund recovered by court order in the same case file is a recovery that is subject to an attorney's lien. However, these awards are not property division as we have discussed it in this case.

While Stone undoubtedly performed services that benefitted Pennie and protected her property interests, these services do not qualify for an attorney's lien under the statute.

**B. Stone's contract of employment contained a contractual (consensual) lien.**

▉▉▉ The fact that the attorney's fees lien statute does not give Stone a lien against Pennie's property does not necessarily mean that Stone did not have a different kind of lien. Pennie entered into a contract of representation with Stone containing the provision that Stone had a lien "on all client's assets, now owned and hereafter acquired" for his attorney's fees. In due course, the wife and the husband negotiated a settlement agreement wherein the husband bought out the wife's interest in the marital home for $20,000. Stone represented Pennie in these negotiations, and while he had ample opportunity to inform John of his lien against property Pennie then owned, he did not do so. This agreement was approved by the court, and incorporated into the decree of dissolution. To pay her, the property settlement agreement provided that the husband would refinance the home. But when he attempted to do so, he found that the wife's attorney had filed a lien on the marital home. This prevented the husband from refinancing and having the funds to pay the wife the

money they had agreed represented the cash value of her interest in the home.

▉▉▉ First, Stone claims that he could not tell John about the lien because of attorney-client privilege with Pennie. This argument deserves, and gets, short shrift because that very property was at issue for division by the court in the divorce action. Pennie could not hide encumbrances against property subject to division, and neither could Stone. In addition, if this silence were the rule, the result would be a sharp practice, allowing John to negotiate in good faith and then allowing the attorney a back door method to force John to pay the remaining attorney's fees if he wanted to remove the encumbrance on his property given to him by the court. And that does not even include the idea of lack of candor to the court. The contractual lien between Stone and Pennie was not a protected client confidence within the confines of this divorce action if Stone wants to file a lien on property of the marital estate.

That said, Stone does have a contractual lien that he wishes to enforce. Essentially, Stone claims his lien on the marital home is a valid lien because the wife did obtain money—her $20,000 interest in the marital home—because of his representation (apparently still arguing under the attorney's fees lien statute). First, it must be noted that this is not the property she owned when she entered into the employment contract giving Stone his contractual lien— that was the residence itself. But this is the monetary value of her interest in that residence, as determined by the parties' agreement and approved by the court.

When he discovered Stone had filed a lien on his residence, John filed a motion asking the court to set aside the lien on the marital property. In its order, the court noted the wife's argument that she no longer had any ownership interest in

the home, but only in the money due her as the cash value of her interest in the home, and specifically noted that the husband had no notice of the lien and had acted in good faith. The court held that the lien was improper and set it aside. The court was correct.

The lien was filed against property the court had specifically awarded to the husband in exchange for paying the wife $20,000 for her marital interest. Despite the lack of formalities—caused by the inability to get funds as a result of the lien—legal entitlement to the property was established by the court order incorporating the settlement agreement into the divorce decree. The marital home was simply no longer the wife's "asset." Obviously, despite the fact the wife had an ownership interest in the home when she entered into the contract with her attorney wherein she gave him a lien for fees owed against any asset she "now owned and hereafter acquired," that was the very property the court had jurisdiction to dispose of in any manner allowed by law. The wife's prior agreement with her attorney did not divest the court of that jurisdiction.

And the fact that the wife's "asset"—the marital residence—was the subject matter that was at issue in the divorce proceeding further makes it clear why the attorney's fee statute does not apply regarding such property. While it is the same interest she always owned—an interest in the marital home—after the decree was entered, that interest became reduced to an amount of money rather than ownership of the residence. Her asset morphed in form, but retained its value. To attach his contractual lien, Stone could attach that fund.

It is also true that Stone could have retained a lien against the residence had he disclosed it to John during settlement negotiations and if the lien had been taken into consideration in reaching agreement

on the marital residence. Contractual liens are enforceable against third parties, but only if the third party has notice of the lien. *McFerran*, 71 S.W.2d at 657. That did not happen here, so there is no circumstance where Stone's contractual lien could properly apply to the marital residence under these facts.

The final question then is whether Stone could attach his lien to the $20,000 cash value of the property when Pennie finally receives it. As a contractual lien, entered into by Pennie and Stone, he has a lien against any asset Pennie owns to pay any unpaid attorney's fee. And while he cannot reach those morphed funds under the attorney's fees lien statute because of the nature of the fund, he can reach the funds through his contractual lien with Pennie. But obviously, it is Pennie's assets that must be attached under that agreement, not John's. It is Pennie's contractual obligation, not John's.

■ What this means for attorneys seeking security for their fees in divorce cases is that such provision should be made in the contract of employment. If an attorney claims a lien against property that will likely change in character, then if he wishes to maintain a lien on the specific property, he must give notice of the lien to the opposing party and the court so that the effect of the lien can be considered in property settlement agreements or division of marital property. Otherwise, the attorney will be able to file a lien on any property which belongs to the client after the decree.

### III. Conclusion

The attorney's fees lien statute does not apply to property assigned or divided in divorce proceedings. However, an attorney may obtain a contractual lien through his contract of employment with a client. Such

liens may not be upheld against the property belonging to third parties unless they have timely notice of the lien, but the lien can be upheld against assets held by his client after entry of the decree if the employment contract so provides. For the foregoing reasons, the Court of Appeals is affirmed.

All sitting.

Minton, C.J.; Hughes and Cunningham, JJ., concur.

Venters, J., concurs by separate opinion in which Wright, J., joins.

Keller, J., concurs in result only by separate opinion.

## VENTERS, J., CONCURRING BY SEPARATE OPINION:

I agree with Justice Noble that Attorney Stone has no statutory attorney's lien or contractual lien on the marital estate of Pennie and John Dubarry. I write separately to emphasize somewhat different reasoning regarding the statutory lien.

Justice Noble's conclusion that "KRS 376.460 does not apply in dissolution property division matters" focuses our attention on the kind of lawsuit involved (a dissolution of marriage action); I would focus instead on the nature of the property being subjected to a lien. The phrase "dissolution property division matters" also connotes to me a broader exclusion of matters from the attorney's lien than my reading of the statute allows.

KRS 376.460 does not differentiate among the kinds of cases to which it applies. It applies to "all claims ... put into [an attorney's] hands for suit or collection or upon which suit has been instituted[.]" There is no general exclusion for dissolution of marriage cases brought under KRS Chapter 403. Instead, the statutory language limits the availability of an attor-

ney's lien to claims for "a recovery of money or property" with the lien for the attorney's fee attached "upon the judgment recovered."

A claim in a marriage dissolution action for the equitable division of the marital estate is not a claim for the "recovery" of money or property, and for that reason the lien provided by KRS 376.460 does not extend to a judgment or decree allocating the litigants' shares of the marital estate. One who has been assigned a share of his or her own marital estate has not "recovered" anything.

The plain language of KRS 376.460 does not preclude the availability of an attorney's lien to other property-related aspects of a divorce case under KRS Chapter 403. For example, the divorce litigant's claim for restoration of pre-marital or non-marital property entangled in the marital estate is a claim for the "recovery of money or property" under KRS 376.460, and a decree or judgment that secures the restoration of the property or its financial equivalent would be subject to an attorney's lien under KRS 376.460. I would not otherwise attempt to illustrate the possible situations in which a KRS 376.460 lien would attach to the property interests litigated in a divorce case.

I read Justice Noble's opinion as imputing to KRS 376.460 a broad exclusion for dissolution related property matters, allowing a lien only for "ancillary" matters that may by chance be included. I read KRS 376.460 as having broad application to every claim for recovery of money or property, which, therefore, does not include the apportionment of a marital estate into just proportions under KRS Chapter 403. Although we approach the analysis from different perspectives we arrive at the same conclusion.

Wright, J., joins.

KELLER, J. CONCURRING IN RESULT ONLY:

I concur with the result in this case. However, I disagree with the reasoning of both the majority and Justice Venters. As both the majority and Justice Venters note, KRS 376.460 states that an attorney lien attaches to "a recovery of money or property." Both the majority and Justice Venters presume that one cannot "recover" marital property. I disagree.

Recovery is: "1. The regaining or restoration of something lost or taken away. 2. The obtainment of a right to something (esp. damages) by a judgment or decree. 3. [C]ommon recovery. 4. An amount awarded in or collected from a judgment or decree." RECOVERY, Black's Law Dictionary (10th ed. 2014). As Justice Venters correctly notes, the "restoration of premarital or non-marital property entangled in the marital estate" would fall squarely within the first definition above—money or property that has been restored.

However, both the majority and Justice Venters ignore the fact that, when a spouse contributes to marital property, that spouse gives up sole ownership in the contributed property because both spouses jointly own and have presumably equal rights to the property. When marital property is divided by the court in a judgment or decree, each party gets free and clear title to that portion of the marital property awarded and gives up any claim to that portion of the marital property that is awarded to the other spouse. Thus, marital property falls within the first definition because each spouse regains, or recovers, an undivided interest in his or her share of the property. Furthermore, marital property falls within the second definition because it is the obtainment of something, free and clear title to property, by judgment. Finally, marital property falls within the fourth definition, because, when divided, it is "an amount awarded in … a judgment or decree."

In this case, Pennie ceded any ownership interest she had in the marital residence prior to the final judgment/decree and before Stone attempted to perfect his lien. Therefore, when Stone attempted to perfect his lien, Pennie retained no interest in the property he attached. If Pennie had retained an interest in the marital residence until the date of sale, then Stone could have attached his lien to her interest. Furthermore, Stone could have attached his lien to the $20,000 that John had agree to pay Pennie, the amount of marital property she recovered through judgment/decree.

Additionally, I note that the majority's holding has implications beyond domestic cases. Like a married couple, partners in business, shareholders in corporations, and members in LLCs have shared ownership interest in property. Taken to its logical conclusion, the attorney fee lien statute would not apply to any business disputes because the parties are, after all, simply dividing property in which they already have an ownership interest.

Finally, I believe that there are a significant number of statutory attorney fee liens that have been attached to marital property, in particular marital residences. The Court has not given any guidance regarding how to deal with those liens. Do they simply cease to exist as of the date this opinion becomes final? Does a person objecting to the lien have to move to have it removed? Are the attorneys who perfected the liens subject to actions for placing a cloud on title? Do attorneys who have perfected such liens have to remove them? If so, within what time frame? What, if any, ethical implications are there for attorneys who hold such liens? When the Court undertakes what I perceive to be a sea change, I believe it is imperative and the

duty of the Court to offer guidance to the bench and bar.